IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHAD MOREHEAD                                                                                            PLAINTIFF

v.                                              Civil No. 6:24-cv-06101

KATE PETERSEN                                                                                          DEFENDANT

_____

CHAD MOREHEAD                                                                                            PLAINTIFF

v.                                              Civil No. 6:24-cv-06102

AMY JOY                                                                                                  DEFENDANT

_____

CHAD MOREHEAD                                                                                            PLAINTIFF

v.                                              Civil No. 6:24-cv-06103

WESLEY NEWMAN                                                                                        DEFENDANT

_____

CHAD MOREHEAD                                                                                            PLAINTIFF

v.                                              Civil No. 6:24-cv-06104

BLUE RIDGE FINANCIAL, INC.                                                                    DEFENDANT

**<u>ORDER</u>**

Before the Court are Defendants Kate Petersen (ECF No. 5), Amy Joy (ECF No. 7), Wesley Newman (ECF No. 7), and Blue Ridge Financial, Inc. (ECF No. 9) ("The Defendants") Motions to Consolidate Cases. Plaintiff has not responded to these Motions. This matter has been referred to the undersigned, and it is now ripe for consideration.

1. **<u>Background</u>:**

On August 5, 2024, The Defendants each filed a Notice of Removal of a *pro se* state court action from Hot Springs County, Arkansas filed by Plaintiff. These four separate cases all arise from the same event of an alleged default of a loan of Plaintiff and subsequent repossession of collateral. In reviewing the separate Complaints, it appears that (1) a loan was made by Blue Ridge Financial to Plaintiff, (2) that both Amy Joy and Wesley Newman are employees of Blue Ridge Financial involved with the loan, and (3) Kate Peterson notarized a document signed by Amy Joy that set forth the terms of the loan and payment history. Plaintiff seems to allege that he was not in default of the loan and that the repossession of certain pieces of equipment was in error.

2. **<u>Applicable Law</u>:**

Federal Rule of Civil Procedure 42(a) governs consolidation. That rule provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). While the decision of whether to order consolidation is highly discretionary, this "broad discretion . . . is not unbounded." *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The purpose of consolidation is to avoid unnecessary cost or delay. *E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 550 (8th Cir. 1998). Therefore, even if common questions of law and fact are present, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Id.* at 551. A court should consider whether the risks of prejudice and jury confusion are "overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits . . . and the relative expense to all concerned of the single-trial, multiple-trial

alternatives." *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (quoting *Cantrell v. GAF,* 999 F.2d 1007, 1011 (6th Cir.1993)).

**3.     Discussion:**

Due to the identical factual and legal issues, consolidating these cases not would prejudice any of the parties.  Further,  consolidating the four matters would save consideration resources and time.  Moreover, duplicative costs will be mitigated by the consolidation of these cases for discovery.  Accordingly, the court does not find any risk of inefficiency, inconvenience, or unfair prejudice to any of the parties. Thus, the Court finds that consolidation is appropriate here.

**4.     Conclusion:**

Based upon the foregoing, Defendants Kate Petersen (ECF No. 5), Amy Joy (ECF No. 7), Wesley Newman (ECF No. 7), and Blue Ridge Financial, Inc. (ECF No. 9) Motions to Consolidate Cases are **GRANTED** and Civil No. 6:24-cv-06101, Civil No. 6:24-cv-06102, Civil No. 6:24-cv-06103, and Civil No. 6:24-cv-06104 are consolidated.  Further, Civil No. 6:24-cv-6101 shall be the lead case and all future pleadings will be filed in the lead case.

**DATED this 27th day of August 2024.**

*/s/   Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE